8/27/2019 5:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36331723
By: Chandra Lawson
Filed: 8/27/2019 5:37 PM

# 2019-60667 / Court: 055

CAUSE NO. _____

| | | |
|---|---|---|
| **ROMAN ZHEKOV** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, INC.** | § | |
| | § | |
| *Defendant* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Roman Zhekov, (hereinafter referred to as "Plaintiff"), complaining of ASI LLOYDS, INC., (hereinafter referred to as "Defendant" and "ASI Lloyds") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

2. The Court has jurisdiction over Defendant ASI LLOYDS, INC. because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, ASI LLOYDS, INC. sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas.

3. Venue is proper in Harris County, Texas, because the Property is situated in Harris County, Texas.

Certified Document Number: 86857827 - Page 1 of 21

---

## DISCOVERY CONTROL PLAN AND RELIEF SOUGHT

4. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and seeks only monetary relief over $100,000 but not more than $200,000.

## PARTIES

5. Plaintiff is an individual residing in Harris County, Texas.

6. ASI LLOYDS, INC. is a Florida insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent for service, Corporate Creations Network, Inc., located at the following address: 5444 Westheimer #1000, Houston, TX 77056.

## FACTS

7. Plaintiff purchased a policy from Defendant ASI LLOYDS, INC., (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 1820 Prospect St., Houston, TX 77004.

9. Defendant ASI LLOYDS, INC. and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about August 27, 2017, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant ASI

Certified Document Number: 86857827 - Page 2 of 21

LLOYDS, INC. Plaintiff subsequently opened a claim on September 1, 2017 and Defendant ASI LLOYDS, INC. assigned an adjuster to adjust the claim.

12. Thereafter, Defendant ASI LLOYDS, INC. wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. Specifically, the estimate failed to allow for a removal and replacement of Plaintiff's roofing system. The adjuster's estimate also grossly underestimated the amount of damages to the interior of Plaintiff's home. In fact, the estimate made no mention of the roof at all, despite the objective evidence of damages that were present during the inspection.

15. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

16. Defendant ASI LLOYDS, INC.' inadequate settlement forced Plaintiff to retain a professional estimate writer to properly assess and evaluate the damage to the property. On or around November 22, 2017, Mr. Roman Zhekov's professional estimate writer inspected the property.

Certified Document Number: 8685782 7 - Page 3 of 21

The professional estimate writer related the roof damage to wind related damage, required a full roof replacement, and estimated the damage to the roof to be a total amount of $23,490.25. Further, on or about September 19, 2017, Mr. Roman Zhekov's professional estimate writer inspected the interior of the property and determined the amount of damages to be $39,308.40. In sum, Mr. Zhekov's professional estimate writers determined the damages to Mr. Zhekov's property to be $62,798.65. Defendant's adjuster estimated the total damages to be $9,866.44. Such a gross disparity between ASI Lloyds' estimate and Roman Zhekov's professional estimate writer's estimate highlights ASI Lloyds' bad faith misconduct in conducting an unreasonable investigation and knowingly underpaying the claim.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant ASI LLOYDS, INC. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant ASI LLOYDS, INC. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant ASI LLOYDS, INC. failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

Certified Document Number: 86857827 - Page 4 of 21

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain an attorney.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant ASI LLOYDS, INC. were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant ASI LLOYDS, INC. and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

Certified Document Number: 86857827 - Page 5 of 21

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant ASI LLOYDS, INC. and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

Certified Document Number: 8685827 - Page 6 of 21

## **BREACH OF CONTRACT**

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant ASI LLOYDS, INC.'s conduct constitutes a breach of the insurance contract made between Defendant ASI LLOYDS, INC. and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant ASI LLOYDS, INC. had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite objective evidence of weather-related damages provided by Plaintiff and his representatives, Defendant ASI LLOYDS, INC. breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## **VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

Certified Document Number: 86857827 - Page 7 of 21

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant ASI LLOYDS, INC. represented to Plaintiff that his Policy and ASI LLOYDS, INC.'s adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

Certified Document Number: 86857827 - Page 8 of 21

35. As described in this Original Petition, Defendant ASI LLOYDS, INC. represented to Plaintiff that his Policy and ASI LLOYDS, INC.'s adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant ASI LLOYDS, INC. representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant ASI LLOYDS, INC. has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant ASI LLOYDS, INC.'s actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant ASI LLOYDS, INC.'s conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant ASI LLOYDS, INC., to her detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of

Certified Document Number: 86857827 - Page 9 of 21

Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## **VIOLATIONS OF THE TEXAS INSURANCE CODE**

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's

Certified Document Number: 86857827 - Page 10 of 21

denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items,

Certified Document Number: 86857827 - Page 11 of 21

statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant ASI LLOYDS, INC. has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant ASI LLOYDS, INC.'s unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant ASI LLOYDS, INC. and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant ASI LLOYDS, INC.'s actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the

Certified Document Number: 86857827 - Page 12 of 21

amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant ASI LLOYDS, INC.'s unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

**BREACH OF THE COMMON LAW DUTY
OF GOOD FAITH & FAIR DEALING**

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant ASI LLOYDS, INC., the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the

Certified Document Number: 86857827 - Page 13 of 21

duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

Certified Document Number: 86857827 - Page 14 of 21

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

## ADDITIONAL DAMAGES & PENALTIES

60. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

61. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

62. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

63. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## DISCOVERY

Certified Document Number: 86857827 - Page 15 of 21

64. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant ASI LLOYDS, INC., disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce ASI LLOYDS, INC.'s complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by ASI LLOYDS, INC.'s claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

Certified Document Number: 86857827 - Page 16 of 21

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether ASI LLOYDS, INC. intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of ASI LLOYDS, INC. and/or its agents after the date of loss of the Property, which is the subject of this suit.

Certified Document Number: 86857827 - Page 17 of 21

13. Please provide all correspondence between ASI LLOYDS, INC. and its assigned adjuster, and all correspondence between ASI LLOYDS, INC. and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person ASI LLOYDS, INC. expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If ASI LLOYDS, INC. or ASI LLOYDS, INC.'s representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by ASI LLOYDS, INC. or any of ASI LLOYDS, INC.'s representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of ASI LLOYDS, INC.'s investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a. The date and manner in which ASI LLOYDS, INC. received notice of the claim;

   b. The date and manner in which ASI LLOYDS, INC. acknowledged receipt of the claim;

   c. The date and manner in which ASI LLOYDS, INC. commenced investigation of the claim;

Certified Document Number: 86857827 - Page 18 of 21

Certified Document Number: 88857827 - Page 19 of 21

d.   The date and manner in which ASI LLOYDS, INC. requested from the claimant all items, statements, and forms that ASI LLOYDS, INC. reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.   The date and manner in which ASI LLOYDS, INC. notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date ASI LLOYDS, INC. anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe ASI LLOYDS, INC.'s document retention policy.

10.  Does ASI LLOYDS, INC. contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11.  Does ASI LLOYDS, INC. contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.  Does ASI LLOYDS, INC. contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe ASI LLOYDS, INC.'s bonus or incentive plan for adjusters.

## **CONCLUSION**

65. Plaintiff prays that judgment be entered against Defendant ASI LLOYDS, INC. and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant ASI LLOYDS, INC., and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly entitled.

Respectfully submitted,

SANDERS LAW PLLC

David R. Sanders
State Bar No. 24093102
david@sanderstxlaw.com
105 S Friendswood Dr, Ste D
Friendswood, TX 77546
(713) 489-5052  Phone

Certified Document Number: 86857827 - Page 20 of 21

(713) 489-8330  Fax

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 86857827 - Page 21 of 21



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 14, 2019

Certified Document Number:          86857827

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/27/2019 5:37:14 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36331723
By: LAWSON, CHANDRA K
Filed: 8/27/2019 5:37:14 PM

## CIVIL PROCESS REQUEST
## 2019-60667 / Court: 055

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____   **CURRENT COURT:** Harris County District Court

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Plaintiff's Original Petition

**FILE DATE OF MOTION:**  08/27/2019

Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:  ASI LLOYDS, INC.

ADDRESS:  5444 Westheimer #1000, Houston, TX 77056

AGENT, (*if applicable*):  Corporate Creations Network, Inc.

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  Citation

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                       ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up:  ProActive Legal Solutions BOX 30    Phone:  (832) 209-7760
- ☐ **MAIL**                                   ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

*************************************************************************************
****

2.  NAME:  _____

ADDRESS:  _____

AGENT, (*if applicable*):  _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                       ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____
- ☐ **MAIL**                                   ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  David R. Sanders          TEXAS BAR NO./ID NO.  24093102

MAILING ADDRESS:  105 S Friendswood Dr, Suite D, Friendswood, Texas  77546

PHONE NUMBER:  713    489-5052          FAX NUMBER:  713    489-8330
area code    phone number          area code    fax number

EMAIL ADDRESS:  david@sanderstxlaw.com

Page 1 of 2

CIV/CI08 Revised 9/2/09

Certified Document Number: 86857828 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
  ORDER TO: _____
                        (specify)

  MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 86857828 - Page 2 of 2

CIVIC102 Revised 02/00



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 14, 2019

Certified Document Number:          86857828

*Marilyn Burgess signature*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER     2019-60667

ATY_____        CIV__X__        COURT 55th

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: SANDERS, DAVID R        * PH: 713-489-5052 |
| *CIVIL PROCESS SERVER___PROACTIVE LEGAL SOLUTIONS<br>Phone: 832-209-7760                    Box: _30_____ |
| *PERSON NOTIFIED SVC READY: ANA |
| * NOTIFIED BY: CHANDRA LAWSON   *DATE: 9/24/2019   Time: |

Type of Service Document  CITATION          Tracking Number  73676131

Process papers prepared by:  *Chandra K Lawson*

Date:   9 / 24 /2019     30 days waiting   10 / 24 /2019

| |
|---|
| *Process papers released to:   _Dee John_____<br>   (PRINT NAME) |
| _281 (8)27-5279_____<br>*(CONTACT NUMBER)                (SIGNATURE) |
| *Process papers released by:    Monica Estrada_____<br>                (PRINT NAME)<br>   __Monica Estrada_____<br>                (SIGNATURE) |
| * Date: _9-26-, 9_, 2019  Time: _12:25_  AM. /PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**   (do not change this document)  Revised 1/9/2015

Certified Document Number: 87328611 - Page 1 of 1

10/1/2019 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37270129
By: Justin Fitzgerald
Filed: 10/1/2019 10:53 AM

CAUSE NO. 201960667

| RECEIPT NO. | 0.00 | CIV |
|---|---|---|
| ********** | TR # 73676131 | |

PLAINTIFF: SHEKOV, ROMAN
vs.
DEFENDANT: ASI LLOYDS INC

In The    551th
Judicial District Court
of Harris County, Texas
55TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

55084-1

TO: ASI LLOYDS INC (FLORIDA INSURANCE COMPANY) MAY BE SERVED BY SERVING
ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK INC
5444  WESTHEIMER #1000   HOUSTON TX  77056
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 27th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 24th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:
SANDERS, DAVID R
105  S FRIENDSWOOD DR, STE D
FRIENDSWOOD, TX  77546
Tel: (713) 689-5552
Bar No.: 24093102

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: LAWSON, CHANDRA R  2ZD//I1311290

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 10:00 o'clock A .M. on the 27 day of September , 2019.

Executed at (address) 5444 Westheimer #1000 Houston, TX 77056 in

Harris County at 2:00 o'clock P .M. on the 30 day of September

2019 , by delivering to Registered Agent Corp Creative Ntwk defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 30 day of September , 2019.

FEE: 0

_____ of _____ County, Texas

Kerry Jackson PSC14322
Affiant  Exp. 04-30-20

By _____
Deputy

On this day, KERRY JACKSON _____ , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited in the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 1ST day of OCTOBER , 2019.

AMBER B. STUTTS
Notary Public, State of Texas
Comm. Expires 01-17-2023
Notary ID 131859309

Amber B. Stutts
Notary Public

N.INT.CTTR.P

*73676131*

Certified Document Number: 8738639B - Page 1 of 2

AFFIDAVIT OF AUTHORITY

I, Veronica C. Valega, Operations Director of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including but not limited to Leslie Cruz/Johnny Rivera and Sandra Zboyan, to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of me and my companies. This authorization includes signing on behalf of myself, Corporate Creations Network Inc., or United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

HEREBY SEEN AND AGREED:

_____
Veronica C. Valega
Operations Director
Corporate Creations Network Inc.
United Agent Group Inc.

7|1|19
DATE

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 1st day of July, 2019 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

_____
Signature of Notary Public

ANGELA MARTIN
Commission # GG 333501
Expires June 15, 2026
Bonded Thru Troy Fain Insurance 800-385-7019

Stamp of Notary Public

Certified Document Number: 87386398 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 14, 2019

Certified Document Number:        87386398

mark Burges

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**Harris County Docket Sheet**

# 2019-60667

**COURT:**   055th

**FILED DATE:**  8/27/2019

**CASE TYPE:**  Other Injury or Damage



### ZHEKOV, ROMAN

Attorney: SANDERS, DAVID ROSS

### vs.

### ASI LLOYDS INC

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |